Luther D. WILSON, Petitioner–Appellant,

v.

Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.

No. 04–10621.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Nov. 4, 2004.

Luther D. Wilson, Angleton, TX, pro se.

Thomas M. Jones, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent–Appellee.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Luther D. Wilson, Texas prisoner # 810897, was convicted after a jury trial of aggravated sexual assault and was sentenced to life imprisonment. He seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application.

A timely notice of appeal "is a mandatory precondition to the exercise of appellate jurisdiction." *Wilkens v. Johnson,* 238

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 328, 330 (5th Cir.2001). This court must examine the basis of its jurisdiction on its own motion if necessary. *Id.* Wilson did not file his notice of appeal within 30 days of the entry of the district court's judgment on January 6, 2004. *See* FED. R. APP. P. 4(a)(1)(A). He asserts that he did not receive notice of entry of judgment until April 29, 2004. Although Wilson filed a motion to reopen the time for filing a notice of appeal, which the district court granted, this motion was made more than seven days after Wilson received notice of entry of the district court's judgment. Therefore, the district court lacked authority to grant the motion to reopen, and Wilson's appeal is untimely. *See* FED. R.APP. P. 4(a)(6); *Wilkens*, 238 F.3d at 332, 335–36.

The appeal is DISMISSED for lack of jurisdiction, and the motion for a COA is DENIED as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.